IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN ALSTON, *et al.*,

    *Plaintiffs*,

v.

BALTIMORE GAS & ELECTRIC
COMPANY, *et al*.,

    *Defendants*.

Civil Action No. ELH-22-1061

**MEMORANDUM**

This employment discrimination case was initially filed in June 2021 in the Circuit Court

for Baltimore City (the "Circuit Court") by plaintiff Kevin Alston against his former employer,

Baltimore Gas & Electric Company ("BGE"); its parent company, Exelon Corporation; and an

affiliate, Exelon Business Services Company LLC (collectively, "Exelon Companies"). A First

Amended Complaint was filed on April 8, 2022 (ECF 4), in which six former BGE employees

joined the suit as plaintiffs. And, in addition to the corporate defendants, 36 current and former

employees of the Exelon Companies were added as defendants. The First Amended Complaint,

which contains 683 paragraphs and is nearly 200 pages in length, lodges eight counts, all under

State law. *Id*. ¶¶ 612-83.

Thereafter, on April 29, 2022, the defendants removed the case to federal court, pursuant

to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. ECF 1 ("Notice of Removal").[1]

Defendants have filed a partial motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2) and

12(b)(6). ECF 16 (the "Motion to Dismiss"). Plaintiffs filed a motion for remand (ECF 18, the

---

[1] As far as the Court is aware, defendants Chris Kasecamp, Joseph M. Belge, and Eric Gomez have not yet been served, and they did not join in removal or in the subsequent defense motions, discussed *infra*. *See* ECF 1, ¶¶ 4, 6; ECF 16 at 1; ECF 21 at 1.

"Motion for Remand"), as well as a "Motion to Stay/Suspend Briefing on Motion to Dismiss Pending Disposition of Motion for Remand." ECF 19 (the "Motion to Stay").

The Court granted the Motion to Stay, but provided that defendants could move to rescind the Order as improvidently granted. ECF 20. Defendants have so moved. ECF 21 (the "Motion to Rescind"). The Motion to Rescind is supported by one exhibit. ECF 21-1. Plaintiffs have not responded to the Motion to Rescind, and the deadline to do has passed. *See* Docket; *see also* Local Rule 105.2(a).

No hearing is necessary to resolve the Motion to Rescind. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion to Rescind.

## I. Procedural Background

Plaintiff Alston filed suit in the Circuit Court against the Exelon Companies on June 4, 2021. ECF 2 (the "Complaint"). As noted, the First Amended Complaint was filed on April 8, 2022, adding six new plaintiffs and 36 new individual defendants. ECF 4. The First Amended Complaint alleges wide-ranging racial discrimination at BG&E. *See generally id.* It brings claims under the Maryland Fair Employment Practices Act ("FEPA"), Md. Code (2021 Repl. Vol.), § 20-601 *et seq.* of the State Government Article, as well as State common law torts. *See id.* ¶¶ 612-83. Plaintiffs also seek to bring some of their claims on behalf of two separate classes of former BG&E employees. *See id.* ¶¶ 634-50.

On April 29, 2022, following the filing of the First Amended Complaint, defendants removed the case to this Court. ECF 1. As a basis for removal, defendants invoked the doctrine of complete preemption, premised on both § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, relating to collective bargaining agreements, and § 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a), relating to the duty of fair representation. ECF 1, ¶¶ 11-20.

2

And, defendants asserted supplemental jurisdiction over plaintiffs' non-federal claims, pursuant to 28 U.S.C. § 1367.  ECF 1, ¶¶ 21-22.

Thereafter, defendants filed a motion to extend their time to respond to the First Amended Complaint from May 6, 2022, to June 17, 2022.  ECF 6 (the "Extension Motion").  In the Extension Motion, defendants explained that they had reached an agreement with plaintiffs, after the filing of the First Amended Complaint in the Circuit Court, by which defendants would have 60 days to respond, and plaintiffs would have 30 days to respond if defendants filed a dispositive motion.  ECF 6, ¶ 3.  The parties filed a stipulation to that effect in the Circuit Court.  *Id*. ¶ 4; *see* ECF 6-2 (the stipulation).  However, once defendants removed the case and requested consent from plaintiffs to move for the same schedule in this Court, plaintiffs' counsel declined to provide consent.  ECF 6, ¶ 8; ECF 18-9.

The Extension Motion asked the Court to "enter an Order in the form attached herewith, consistent with the previously-reached Stipulation."  ECF 6 at 3.  But, the attached proposed order only extended defendants' response deadline to June 17, 2022, and made no mention of any 30-day deadline for plaintiffs to respond.  ECF 6-3.  The Court entered the proposed order, but added that plaintiffs would have until May 11, 2022, to move to rescind the Order as improvidently granted.  ECF 7 (Order of May 4, 2022).  Plaintiffs did not do so.  *See* Docket.

Defendants filed the Motion to Dismiss, supported by a 58-page memorandum (ECF 16-1), on Friday, June 10, 2022.  ECF 16.[2]  The Motion to Dismiss seeks dismissal of many parties and claims, including all individual defendants, on the basis of numerous arguments.  Local Rule

---

[2] Defendants previously moved for leave to enlarge the limit from 35 pages to 45 pages. ECF 12. The Court granted the motion. ECF 13. Local Rule 105.3 exempts tables of contents and citations from this page limit. The title pages and tables of contents and citations in ECF 16-1 total 14 pages. *See* ECF 16-1 at 1-14.

105.2(a) provides: "Unless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion . . . ." Thus, plaintiffs' opposition to the Motion to Dismiss was due by Friday, June 24, 2022.

Plaintiffs did not file an opposition by that date. Instead, on Monday, July 11, 2022, plaintiffs filed their Motion for Remand, asserting that the Court lacks subject matter jurisdiction. ECF 18. The Motion for Remand also seeks an award of attorneys' fees incurred as a result of removal, contending that there was no objectively reasonable basis for removal, and that the case was removed by defendants solely to delay its resolution. *Id*. at 20-21.

The date of filing—July 11, 2022—is 31 days after June 10, 2022, when the Motion to Dismiss was filed. But, because July 10, 2022, was a Sunday, any 30-day deadline that fell on that day would have been automatically extended to July 11, 2022. *See* Fed. R. Civ. P. 6(a)(1)(C).

Concurrent with the Motion for Remand, plaintiffs filed the Motion to Stay, seeking to suspend further briefing on the Motion to Dismiss until the disposition of the Motion for Remand. ECF 19. The Motion to Stay asserted, *id*. ¶ 7: "In view of the sheer length of Plaintiffs' Amended Complaint and the myriad of issues raised by Defendants' Partial Motion to Dismiss Plaintiffs' Amended Complaint, Plaintiffs respectfully submit that the Court should proceed with the preemption inquiry and stay or suspend briefing regarding Defendants' Motion pending the disposition of Plaintiffs' Motion for Remand." The Motion to Stay did not acknowledge any delay in responding to the Motion to Dismiss.

The Court granted the Motion to Stay. ECF 20. But, as noted, I also provided defendants with the opportunity to move to rescind the Order as improvidently granted, due by July 25, 2022.

ECF 20.  On July 25, 2022, defendants filed the Motion to Rescind.  ECF 21.  Defendants also filed an opposition to the Motion for Remand.  ECF 22.[3]

## II. Discussion

In the Motion to Rescind (ECF 21), defendants argue that their Motion to Dismiss is unopposed, because plaintiffs never submitted a timely opposition, and provided no explanation for this failure to respond.  Therefore, they assert that once the Court resolves the Motion for Remand, and assuming it confirms jurisdiction, it should proceed immediately to rule on the unopposed Motion to Dismiss, without providing plaintiffs any further opportunity to respond.  They also contend that they would be prejudiced by granting plaintiffs additional time to oppose the Motion to Dismiss, because doing so would delay the resolution of what they describe as baseless claims against them.

I am not persuaded by defendants' arguments.  "[D]istrict courts have wide-ranging control over management of their dockets . . . ."  *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004); *see also District of Columbia v. Trump*, 959 F.3d 126, 132 (4th Cir. 2020) ("It is axiomatic that a district court has wide discretion to prioritize matters among its docket.").  And, the arguments advanced in the Motion for Remand are hardly frivolous.  *See* ECF 18.

Moreover, the Motion for Remand goes to a core issue of the Court's subject matter jurisdiction.  Therefore, it should be considered before the Court expends time addressing the Motion to Dismiss.  Notably, the Motion to Dismiss raises numerous arguments, and will require the expenditure of considerable effort.  *See* ECF 16.  And, if the Court were to grant the Motion for Remand, the exercise would be moot.  *See Owen v. Carpenters' Dist. Council*, 161 F.3d 767,

---

[3] Plaintiffs' reply regarding the Motion for Remand was due on August 8, 2022, but plaintiffs did not file anything. *See* Docket.

5

773 (4th Cir. 1998) (noting in the § 301 preemption context that "'[w]here the plaintiff appears to state a claim under state law, a federal district court would be well-advised to proceed to the § 301 inquiry and, if the state claim is not preempted, to remand the entire action to state court,'" and that a district court should only "dismiss the claim on the merits without reaching the question of whether § 301 preempts the claim" if the claim is "'patently without merit'") (quoting *Childers v. Chesapeake & Potomac Tel. Co.*, 881 F.2d 1259, 1262, 1267 (4th Cir.1989)).

Indeed, defendants concede that the Court "must determine that it has jurisdiction over this case before ruling on the Motion to Dismiss." ECF 21 at 5. This being the case, it is reasonable to suspend further briefing regarding the Motion to Dismiss until after the Motion for Remand is resolved.

Much of the Motion to Rescind is premised on the idea that the Court should approach the Motion to Dismiss as unopposed. I disagree. It is true that, by the time plaintiffs filed their Motion to Stay, their response to the Motion to Dismiss was 17 days overdue. However, the procedural context recounted above suggests that this delay was due, in large part, to plaintiffs' confusion as to whether they had 30 days rather than 14 days to respond to the Motion to Dismiss.[4] Plaintiffs' counsel was in error in assuming that plaintiffs had 30 days; counsel should have verified the content of defendants' proposed order. *See* ECF 6-3; ECF 7. But, these circumstances hardly call for the Court to foreclose plaintiffs' opportunity to respond to the Motion to Dismiss. And, the Fourth Circuit has expressed a strong preference for the resolution of cases on their merits, not on

---

[4] In his email to plaintiffs' counsel seeking consent to file a motion in this Court reflecting the stipulated schedule reached in the Circuit Court, defense counsel stated: "When you filed the Amended Complaint, the parties filed a stipulation that the time for our responsive pleading is extended to June 17, 2022 and that your response to our pleading is due 30 days later. We intend to file a motion with the federal court asking it to approve the stipulation and set the due dates *for both sides* accordingly." ECF 18-9 at 3 (emphasis added).

gamesmanship. *See, e.g.*, *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

Nor have defendants made a strong case for any meaningful prejudice from "granting Plaintiffs additional time to oppose Defendants' motion to dismiss," as they assert. ECF 21 at 5. Of course, any defendant who feels that he has been baselessly accused (as these defendants plainly do) would prefer the speediest possible conclusion of the litigation against him. But, the delay involved here is modest, and the minimal prejudice is outweighed by the Court's need to determine whether the case was properly removed to this Court.

### III. Conclusion

For the reasons stated above, I shall deny the Motion to Rescind.

An Order follows.

Date:   August 10, 2022                          _____/s/_____

Ellen L. Hollander
United States District Judge