**tonya baña | attorney**

an advocate for workplace equality and civil rights

direct dial. 443.890.8000
tonya@tonyabana.com

August 18, 2022

<u>VIA ECF</u>
Hon. Ellen Hollander
U.S. District Judge
101 West Lombard Street, Chambers 7D
Baltimore, MD 21201

Re: *Kevin Alston, et al. v. Baltimore Gas & Electric Company, et al.*, Civil No. 1:22-cv-01061-ELH

Dear Judge Hollander:

As you know, I represent Plaintiffs in the above-captioned action instituted against Baltimore Gas & Electric Company, Exelon Corporation, Exelon Business Services Company LLC, and thirty-six (36) current or former employees of the Exelon Companies ("Defendants"). I received your Memorandum and Order denying Defendants' Motion to Rescind the Order granting Plaintiffs' Motion to Stay briefing on Defendants' Partial Motion to Dismiss until the disposition of Plaintiffs' Motion for Remand. Plaintiffs' Motion for Remand is still pending. I am writing to request leave to file a reply brief in support of Plaintiffs' Motion for Remand. A copy of the reply was submitted contemporaneously with this correspondence.

Pursuant to Local Rule 105.2(a), Plaintiffs had until August 8, 2022 to file a reply. Local Rule 105.2(a) provides that, unless otherwise ordered by the Court, "all memoranda in opposition to a motion shall be filed within fourteen (14) days of service of the motion and any reply memoranda within fourteen (14) days after the service of the opposition memoranda. Loc. R. 105.2.a (D. Md. 2021). Local Rule 105.2(a) does not specify the consequence for failing to meet those deadlines. However, the Court plainly has discretion to consider an untimely filing when the delay is brief and will not result in any prejudice to the opposing party. *See Popo v. Giant Foods LLC*, 675 F. Supp. 2d 583, 588 (D. Md. 2009) ("The court may, in its discretion, allow an untimely opposition when the delay is short, and the moving party fails to show that it was harmed by the delay."); *H W Fresh Seafoods, Inc. v. Schulman,* 200 F.R.D. 248, 252 (D. Md. 2000), *aff'd*, 30 Fed. Appx. 75 (4th Cir. 2002) (unpublished disposition) ("In its discretion, [] the court may hear an untimely opposition."). *See also District of Columbia v. Trump,* 959 F.3d 126, 132 (4th Cir. 2020) ("It is axiomatic that a district court has wide discretion to prioritize matters among its docket."); *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004) ("district courts have wide-ranging control over management of their dockets").[1]

---

[1] This request is made pursuant to the Court's inherent discretion rather than a motion for extension of time under the Federal Rules of Civil Procedure because the delay in filing

Respectfully submitted,

/t/

Tonya Baña

Cc:   All Counsel of Record (via ECF)

---

the reply is not due to excusable neglect. *See* Fed.R.Civ.P. 6(b) (noting that a court can extend time "on motion made after the time has expired if the party failed to act because of excusable neglect.").

**tonya baña llc | 129 slade avenue, pikesville, maryland  21208 | tonyabana.com**
**off. 410.946.1959 | fax. 410.670.7573**

2